## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

_____

Stanley Baker,                                  :
                                                :
                                                :     Case No.
            Plaintiff,                          :
                                                :
      v.                                        :
                                                :
GC Services, LP,                                :
                                                :
            Defendant.                          :
_____                 :

## COMPLAINT

Plaintiff, Stanley Baker ("Plaintiff"), through his attorneys, Shaevel & Krems, LLP,

alleges the following against Defendant, GC Services, LP ("Defendant"):

### INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. 1692, *et seq.*

### JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that

such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy."

3.      Defendant conducts business in the State of Massachusetts establishing personal

jurisdiction.

4.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### PARTIES

5.      Plaintiff is a natural person residing in Wrentham, Norfolk County,

Massachusetts.

6.      Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7.      Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and sought to collect a consumer debt from Plaintiff.

8.      Defendant is a business entity with an office located at 6330 Gulfton, Houston, Texas.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.      Defendant, in the ordinary course of business, regularly, or on behalf of itself or others, engages in debt collection.

11.      In or around September 2012, Defendant began contacting Plaintiff in an attempt to collect a debt.

12.      Upon information and belief, Defendant is attempting to collect a credit card debt that arises from transactions for personal, family, and household purposes.

13.      In its collection activity, Defendant places telephone calls to Plaintiff.

14.      When Plaintiff is unable to answer Defendant's collection calls, Defendant leaves voicemail messages.  *See* transcribed voicemail as Exhibit A hereto.

15.      Defendant's message informs Plaintiff that it is "important" for Plaintiff to call 314-851-4318.  *See* Exhibit A.

16.      However, Defendant's message did not identify Defendant's business name for

Plaintiff.  *See* Exhibit A.

17.     Further, Defendant's message does not disclose that it is a debt collector.  *See* Exhibit A.

18.     Defendant's message does not provide Plaintiff with any indication as to the nature or purpose of its call.  *See* Exhibit A.

19.     Defendant uses deceptive and misleading messages for Plaintiff by not identifying itself or informing Plaintiff that the purpose of its phone call or that it is an attempt to collect a debt.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20.     Defendant violated the FDCPA based on the following:

   a.   Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass and annoy Plaintiff.

   b.   Defendant violated *§1692d(5)* of the FDCPA by leaving a message(s) that does not meaningfully disclose Defendant's identity.

   c.   Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt.

   d.   Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

Wherefore, Plaintiff, Stanley Baker, respectfully requests judgment be entered against Defendant, GC Services, LP for the following:

21.    Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

22.    Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

23.    Any other relief that this Honorable Court deems appropriate.

Dated:  January 8, 2013                    RESPECTFULLY SUBMITTED,


By:  /s/ David R. Jackowitz

David R. Jackowitz, B.B.O. No. 567279
Shaevel & Krems, LLP
141 Tremont Street
Boston, MA 02111
Telephone: (617) 556-0244
Fax: (617) 556-0284
djackowitz@shaevelkrems.com
Attorneys for Plaintiff